*592 OPINION OF THE COURT
David W. Fryer, J.
The defendant herein was charged with menacing in the third degree (Penal Law § 120.15); reckless driving (Vehicle and Traffic Law § 1212); unregistered motor vehicle (Vehicle and Traffic Law § 401 [1] [a]); unlicensed operator (Vehicle and Traffic Law § 509 [1]); and uninsured motor vehicle (Vehicle and Traffic Law § 319 [1]) through separate misdemeanor complaints and uniform traffic tickets prepared and issued by Rensselaer County Deputy Sheriff M.J. Geracitano on September 25, 2001. After the recusal by both Poestenkill Town Justices, the matters were transferred to this court by order of the Honorable Patrick J. McGrath, County Court Judge, dated February 22, 2002.
After some preliminary motions were made, the menacing charge was dismissed. A change in attorneys took place wherein attorney Arthur Frost requested, by motion, that he be relieved. Thereafter, this court appointed attorney Katherine Dell.
The matter was heard via a bench trial on March 26, 2002. The defendant, by way of counsel, raised certain issues specific to the request for a supporting deposition. The court noted, for the record, there was no formal request for a supporting deposition found in the file, nor was the issue raised in the filed motions. As such, this court summarily dismissed the oral motion to dismiss and noted the defendant’s objection to the same.
During the People’s case-in-chief, two witnesses gave testimony. Mara Beth Swankey testified that on September 25, 2001 at approximately 6:00 p.m., she was traveling in her vehicle on Plank Road in the Town of Poestenkill when she encountered the defendant traveling in the opposite direction driving an off-road motorcycle. Ms. Swankey testified that she had to swerve out of her lane when she saw the defendant and thereafter moved back into her lane hitting another person on a separate off-road motorcycle allegedly traveling with the defendant. After all parties had stopped, the Rensselaer County Sheriff’s Department was notified, along with emergency agencies. Based on Ms. Swankey’s statement and other information gathered on the scene, Deputy Geracitano filed the referenced charges.
Reviewing the applicable law, it is not clear whether the vehicle driven by Mr. Miller was a “motor vehicle” as per the relevant sections of the Vehicle and Traffic Law and therefore *593 subject to the foregoing statutes charged against the defendant. Specifically, Vehicle and Traffic Law § 125 excludes from the definition of motor vehicle “all terrain vehicles” later defined in Vehicle and Traffic Law § 2281 (1). Vehicle and Traffic Law § 2281 (1) (a) defines an all terrain vehicle as “any self-propelled vehicle which is manufactured for sale for operation primarily on off-highway trails or off-highway competitions and only incidentally operated on public highways.” It is undisputed that the motorcycle in this case was equipped for off-road use only and it did not have the equipment necessary to make it roadworthy. There is no evidence that this motorcycle was modified from a prior road type vehicle or that it is anything but an off-road motorcycle.
Taking the position that the motorcycle in question is otherwise an “all terrain vehicle” as per Vehicle and Traffic Law § 2281 (1) and is otherwise excepted from being a “motor vehicle” as per Vehicle and Traffic Law § 125, it stands to reason that Vehicle and Traffic Law articles 48-B and 48-C, and specifically Vehicle and Traffic Law §§ 2281, 2403, 2404, 2405, and 2407, are the controlling legal authority in this case. It is apparent that the pending charges, pursuant to Vehicle and Traffic Law § 401 (1) (a) (unregistered motor vehicle), Vehicle and Traffic Law § 319 (1) (uninsured motor vehicle), and Vehicle and Traffic Law § 509 (1) (unlicensed operator), all refer to operators of a “motor vehicle.” Since the vehicle in question is deemed by this court to be an “all terrain vehicle,” the charges referenced herein are not applicable. Further, given that there are no indications that the standing charges could be written as to be included under the provisions of article 48-B or 48-C of the Vehicle and Traffic Law, it is assumed that statutes were intended to be separate and distinct. It is therefore the position of the court that the charges, as per Vehicle and Traffic Law § 401 (1) (a), § 319 (1) and § 509 (1), must be dismissed.
Turning now to the remaining charge as per Vehicle and Traffic Law § 1212 (reckless driving), the necessity of the use of a motor vehicle by a defendant is not required as per the language of the statute. Specifically, reckless driving is defined as “driving or using any motor vehicle, motorcycle or any other vehicle propelled by any power other than muscular power or any appliance or accessory thereof in a manner which unreasonably interferes with the free and proper use of the public highway or unreasonably endangers users of the public highway” (see Vehicle and Traffic Law § 1212). From the plain language of the statute it is clear that there is no requirement *594 that the alleged perpetrator be on a public highway. Although some issues were raised as to what is considered the highway/ roadway and what is deemed to be the shoulder of the road as per the Vehicle and Traffic Law, those issues were directed at the prior referenced charges. The facts as presented set forth that the defendant was in fact operating a motorized vehicle, that being the off-road motorcycle. The question that remains is whether the actions of the defendant either unreasonably interfered or endangered another using a public highway.
As mentioned, the witness, Mara Beth Swankey, testified that the defendant was traveling on or near the edge of a public highway, that being Plank Road in the Town of Poestenkill, when she encountered the defendant on his off-road motorcycle. Ms. Swankey testified that she had to swerve out of her lane and then back into the lane and thereafter collided with another motorcycle rider. It is undisputed that the area needed to be traversed by the defendant was narrow and the shoulder of the road was limited. Although the specific location as to where the two vehicles met was somewhat in dispute, the general area was determined by all the witnesses and evidence. I find the testimony of Ms. Swankey to be credible and, although not exact, it was consistent with the findings of Deputy Geracitano. While the testimony of Gregory Miller and the defendant raised some issues, it did not rebut the facts as set forth by Ms. Swankey. It is the opinion of the court that the defendant was in fact traveling near or on the referenced public highway on a vehicle not equipped to be on the mentioned public highway. The defendant was either not legally on the public highway or was riding without proper authority on real property not owned by him or anyone in his household. The actions of the defendant were unreasonable in that he knew or should have known the geographic dimensions of the public highway and any shoulders and knew or should have known the possibility of encountering another vehicle. Further, the actions of the defendant interfered with Ms. Swankey’s use of Plank Road, a public highway, contributing in part to the later accident. As such, the defendant is guilty as per Vehicle and Traffic Law § 1212.